UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN POOL CANTE,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>        Defendants. | Case No. 21-cv-09383-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

       The government filed a motion to dismiss this case for lack of subject matter jurisdiction. That motion included a stray reference to Rule 12(b)(6) and several arguments more appropriate for a 12(b)(6) motion than a 12(b)(1) motion. That "labeling snafu" does not prevent the Court from construing the motion under 12(b)(6). *Gomez v. Magliocco Group Inc.*, 2022 WL 1537938, at *2 (N.D. Cal. Apr. 22, 2022) (citing cases). But to ensure fairness, the Court ordered supplemental briefing from Pool Cante on the 12(b)(6) issues.

       1.   The Court has subject matter jurisdiction over this case. The decision to waive a noncitizen's inadmissibility is clearly a discretionary decision that falls within the scope of the jurisdiction-stripping provision in section 1252(a)(2)(B)(ii). *See* 8 U.S.C. § 1182(d)(3); *id.* § 1182(d)(14). However, the non-discretionary legal determinations the agency makes in the process of exercising that discretion are reviewable. *ANA International, Inc. v. Way*, 393 F.3d 886, 891 (9th Cir. 2004). Those are the kind of actions Pool Cante challenges: whether a statutory ground of inadmissibility applies to him, whether USCIS considered both statutory

bases for granting the requested waiver, and whether a particular regulation was properly applied to his case.

2. The complaint fails to state a claim. USCIS's letter rejecting Pool Cante's I-192 application clearly articulates three statutory grounds on which Pool Cante is inadmissible. In the first count of the complaint, Pool Cante alleges that one of those grounds does not apply to him. Even assuming he is correct, that error is harmless. *Cf. Massachusetts Trustees of Eastern Gas & Fuel Associates v. United States*, 377 U.S. 235, 247–48 (1964). To grant a waiver under section 1182(d)(3), the agency must weigh three factors, none of which are the number of grounds of inadmissibility. *See Matter of Hranka*, 16 I & N Dec. 491, 491 (BIA 1978). And under section 1182(d)(14), the agency must consider whether waiving inadmissibility is "in the public or national interest." Neither legal framework takes the number of statutory grounds of inadmissibility into account. So whether the agency found Pool Cante inadmissible on two grounds or three, the way it balanced the relevant factors would not change.[1]

The second count also fails to state a claim. The agency's decision shows that USCIS considered both statutory bases, not just section (d)(14), for granting a waiver. *See* Dkt. No. 19-2. The beginning of the letter lists both bases for the requested waiver. *Id.* at 2. The letter also indicates that USCIS had requested supporting evidence from Pool Cante to address the three factors weighed under section 1182(d)(3). *Id.* at 4; *see Matter of Hranka*, 16 I & N Dec. at 491. The analysis section again lists the factors relevant to that determination. *Id.* at 5. Those factors are extensively discussed throughout the remainder of the analysis section. *Id.* at 6. The first line

---

[1] Of course, the agency may consider the noncitizen's history of immigration violations. But every immigration violation does not form the basis of a statutory ground of inadmissibility. That is the case here: the unlawful entry that is the basis for the challenged ground of inadmissibility is still relevant to the agency's balancing *because it is evidence of an immigration violation*, not because it formed the basis for an additional statutory ground of inadmissibility.

of the conclusion states that "the record does not demonstrate that [Pool Cante's] application for a waiver warrants a favorable exercise of discretion," which is the determination that must be made to receive a waiver under section 1182(d)(3). *Id.* And the accompanying letter denying Pool Cante's U-visa application says that USCIS was unable to find that Pool Cante's "waiver request was in the public or national interest or *was otherwise warranted*." Dkt. No. 19-3, at 3 (emphasis added).

Regarding Pool Cante's third claim, the letter's stray references to 8 C.F.R. § 212.17(b)(2) are of no consequence because USCIS did not rely on that provision to make its decision. When a noncitizen is "inadmissible on criminal or related grounds," section (b)(2) imposes a heightened standard for granting a (d)(14) waiver that applies over and above the requirements of generally applicable section (b)(1). 8 C.F.R. § 212.17(b)(2). So if the agency declines to exercise its discretion to waive the noncitizen's inadmissibility under section (b)(1), no further inquiry is required under (b)(2), whether it applies or not. Here, the agency's letter clearly states that Pool Cante did not meet the requirements of section (b)(1), namely, that the agency found it "in the public or national interest to exercise discretion" to waive his inadmissibility. Given that finding, any reference to section (b)(2) is irrelevant.[2]

\* \* \*

The motion is granted without leave to amend because further amendment will be futile.

**IT IS SO ORDERED.**

Dated: June 21, 2022

VINCE CHHABRIA
United States District Judge

---

[2] Another indication that the agency did not rely on section (b)(2) is that the letter does not mention the need to find "extraordinary circumstances" to grant the waiver. 8 C.F.R. § 212.17(b)(2).